UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

KASHAD SAMPSON,
  a/k/a "Shoca,"
GEORGE DELGADO,
  a/k/a "Groc,"
GABRIEL ROMAN,
  a/k/a "Gabe,"
DALLAS ARCHER,
  a/k/a "Muggas,"
BRUCE ALLEN,
  a/k/a "Bam,"
SYNCERE TATUM,
  a/k/a "Syn,"
JOHN LALANNE,
  a/k/a "JJ,"
RAEKWON JACKSON,
  a/k/a Tree,"
BASHIR MALLORY,
  a/k/a "BG,"
  a/k/a "Bear,"
MEKHI McDONALD,
  a/k/a "Khi,"
CHRISTOPHER TATE,
  a/k/a "Bag,"
KRISTOPHER BURGESS CUNNINGHAM,
  a/k/a "KG,"
DEJON SCOTT,
  a/k/a "Red Dot,"
DAVON WADDELL,
  a/k/a "Spotem,"
  a/k/a "Light Skin Day Day,"
ZYRELL WILLIAMS,
  a/k/a "Zabb,"

**SEALED SUPERSEDING
INDICTMENT**

S3 22 Cr. 640 (KMK)

DEMETRIUS WARE,
  a/k/a "Doom Doom,"
ANTONIO PITTMAN,
  a/k/a "Ant,"
DAQUAN CUETO,
CHRISTOPHER JOHNSON,
  a/k/a "Brisko,"
HARRY PIMENTEL,
ERIC STEADMAN,
  a/k/a "Little Man,"
DONALD LEID,
  a/k/a "Big Lip Day Day,"
TEVIN GEORGE,
  a/k/a "Tev Roc,"
DEVIN WILLIAMS,
  a/k/a "Twin,"
  a/k/a "Dev,"
DANTE JOHNSON,
  a/k/a "D Rose,"
GEORGE TATUM,
  a/k/a "Buddy,"
COLERIDGE LEWTER,
  a/k/a "Korrupt,"
RODNEY GEORGE,
  a/k/a "Taco,"

                  Defendants.

## COUNT ONE
### (Young Gunnaz Racketeering Conspiracy)
### (ALL DEFENDANTS EXCEPT GEORGE TATUM, COLERIDGE LEWTER, and RODNEY GEORGE)

The Grand Jury charges:

### THE YG ENTERPRISE

    1.    From at least in or about 2019 through the present, KASHAD SAMPSON, a/k/a

"Shoca," GEORGE DELGADO, a/k/a "Groc," GABRIEL ROMAN, a/k/a "Gabe," DALLAS

ARCHER, a/k/a "Muggas," BRUCE ALLEN, a/k/a "Bam," SYNCERE TATUM, a/k/a "Syn,"
JOHN LALANNE, a/k/a "JJ," RAEKWON JACKSON, a/k/a Tree," BASHIR MALLORY, a/k/a
"BG," a/k/a "Bear," MEKHI McDONALD, a/k/a "Khi," CHRISTOPHER TATE, a/k/a "Bag,"
KRISTOPHER BURGESS CUNNINGHAM, a/k/a "KG," DEJON SCOTT, a/k/a "Red Dot,"
DAVON WADDELL, a/k/a "Spotem," a/k/a "Light Skin Day Day," ZYRELL WILLIAMS, a/k/a
"Zabb," DEMETRIUS WARE, a/k/a "Doom Doom," ANTONIO PITTMAN, a/k/a "Ant,"
DAQUAN CUETO, CHRISTOPHER JOHNSON, a/k/a "Brisko," HARRY PIMENTEL, ERIC
STEADMAN, a/k/a "Little Man," DONALD LEID, a/k/a "Big Lip Day Day," TEVIN GEORGE,
a/k/a "Tev Roc," DEVIN WILLIAMS, a/k/a "Twin," a/k/a "Dev," and DANTE JOHNSON, a/k/a
"D Rose," the defendants, and others known and unknown, were members and associates of a
criminal organization that operated principally the City of Newburgh and City of Poughkeepsie,
New York known as the Young Gunnaz ("YG" or the "YG Enterprise"). Members and associates
of the YG Enterprise engaged in, among other activities, narcotics trafficking, wire fraud, bank
fraud, robberies, and acts involving murder and assault.

    2.    The YG Enterprise, including its leadership, its membership, and its associates,
constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a
group of individuals associated in fact, although not a legal entity. The YG Enterprise constituted
an ongoing organization whose members functioned as a continuing unit for a common purpose
of achieving the objectives of the YG Enterprise. At all times relevant to this Indictment, the YG
Enterprise was engaged in, and its activities affected, interstate and foreign commerce.

    3.    KASHAD SAMPSON, a/k/a "Shoca," GEORGE DELGADO, a/k/a "Groc,"
GABRIEL ROMAN, a/k/a "Gabe," DALLAS ARCHER, a/k/a "Muggas," BRUCE ALLEN, a/k/a
"Bam," SYNCERE TATUM, a/k/a "Syn," JOHN LALANNE, a/k/a "JJ," RAEKWON

JACKSON, a/k/a Tree," BASHIR MALLORY, a/k/a "BG," a/k/a "Bear," MEKHI McDONALD, a/k/a "Khi," CHRISTOPHER TATE, a/k/a "Bag," KRISTOPHER BURGESS CUNNINGHAM, a/k/a "KG," DEJON SCOTT, a/k/a "Red Dot," DAVON WADDELL, a/k/a "Spotem," a/k/a "Light Skin Day Day," ZYRELL WILLIAMS, a/k/a "Zabb," DEMETRIUS WARE, a/k/a "Doom Doom," ANTONIO PITTMAN, a/k/a "Ant," DAQUAN CUETO, CHRISTOPHER JOHNSON, a/k/a "Brisko," HARRY PIMENTEL, ERIC STEADMAN, a/k/a "Little Man," DONALD LEID, a/k/a "Big Lip Day Day," TEVIN GEORGE, a/k/a "Tev Roc," DEVIN WILLIAMS, a/k/a "Twin," a/k/a "Dev," and DANTE JOHNSON, a/k/a "D Rose," the defendants, participated in unlawful and other activities in furtherance of the conduct of the YG Enterprise 's affairs.

PURPOSES OF THE YG ENTERPRISE

4.     The purposes of the YG Enterprise included the following:

a.     Preserving and protecting the power, territory, and profits of the YG Enterprise and its members and associates through acts involving murder, assault, robberies, other acts of violence, and threats of violence.

b.     Promoting and enhancing the YG Enterprise and the activities of its members and associates.

c.     Keeping victims and potential victims in fear of the YG Enterprise and its members and associates through acts and threats of violence.

d.     Providing assistance to members and associates who committed crimes for and on behalf of the YG Enterprise.

e.     Enriching the members and associates of the YG Enterprise through, among other things, robberies, wire fraud, bank fraud, and the distribution and sale of controlled

substances, including fentanyl, crack cocaine, Oxycodone, heroin, Promethazine HCL and Codeine, commonly known as "lean," and marihuana.

### MEANS AND METHODS OF THE YG ENTERPRISE

5.    Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of the YG Enterprise were the following:

a.    Members and associates of the YG Enterprise committed, conspired, attempted, and threatened to commit acts of violence, including acts involving murder and assault, to protect and expand the YG Enterprise's criminal operations, resolves disputes within the YG Enterprise, and against rival gang members.

b.    Members and associates of the YG Enterprise used threats of violence and physical violence against other members and associates of the YG Enterprise to enforce and maintain discipline within the YG Enterprise.

c.    Members and associates of the YG Enterprise committed, conspired, attempted, and threatened to commit acts of violence, including acts involving murder and robbery against rival gang members and other individuals adverse to the YG Enterprise.

d.    Members and associates of the YG Enterprise promoted and celebrated, in music and on social media, the criminal conduct of the YG Enterprise, namely narcotics distribution, acts involving violence, and the use of firearms.

e.    Members and associates of the YG Enterprise obtained, possessed, and used firearms and ammunition.

f.    Members and associates of the YG Enterprise distributed controlled substances, including fentanyl, crack cocaine, Oxycodone, heroin, Promethazine HCL and Codeine, commonly known as "lean," and marihuana.

g.      Members and associates of the YG Enterprise committed, and conspired to commit, (1) wire fraud by submitting fraudulent unemployment claims, and (2) bank fraud by fraudulently obtaining funds from victims' accounts and depositing fraudulent checks into bank accounts controlled by members and associates of the YG Enterprise.

THE YG RACKETEERING CONSPIRACY

6.      From at least in or about 2019 through the present in the Southern District of New York and elsewhere, KASHAD SAMPSON, a/k/a "Shoca," GEORGE DELGADO, a/k/a "Groc," GABRIEL ROMAN, a/k/a "Gabe," DALLAS ARCHER, a/k/a "Muggas," BRUCE ALLEN, a/k/a "Bam," SYNCERE TATUM, a/k/a "Syn," JOHN LALANNE, a/k/a "JJ," RAEKWON JACKSON, a/k/a Tree," BASHIR MALLORY, a/k/a "BG," a/k/a "Bear," MEKHI McDONALD, a/k/a "Khi," CHRISTOPHER TATE, a/k/a "Bag," KRISTOPHER BURGESS CUNNINGHAM, a/k/a "KG," DEJON SCOTT, a/k/a "Red Dot," DAVON WADDELL, a/k/a "Spotem," a/k/a "Light Skin Day Day," ZYRELL WILLIAMS, a/k/a "Zabb," DEMETRIUS WARE, a/k/a "Doom Doom," ANTONIO PITTMAN, a/k/a "Ant," DAQUAN CUETO, CHRISTOPHER JOHNSON, a/k/a "Brisko," HARRY PIMENTEL, ERIC STEADMAN, a/k/a "Little Man," DONALD LEID, a/k/a "Big Lip Day Day," TEVIN GEORGE, a/k/a "Tev Roc," DEVIN WILLIAMS, a/k/a "Twin," a/k/a "Dev," and DANTE JOHNSON, a/k/a "D Rose," the defendants, and others known and unknown, being persons employed by and associated with the racketeering enterprise described in paragraphs One through Five of this Indictment, namely, the YG Enterprise, which enterprise engaged in, and the activities of which affected, interstate and foreign commerce, knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the YG

Enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of:

      a.     multiple acts involving murder, chargeable under the following provisions of state law: New York Penal Law, Sections 125.25 (murder), 105.15 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting);

      b.     multiple acts involving robbery, chargeable under the following provisions of state law: New York Penal Law Sections 160.00, 160.05, 160.10, 160.15 (robbery), 105.05 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting);

      c.     multiple offenses involving the distribution of narcotics and controlled substances, including fentanyl, crack cocaine, heroin, Oxycodone, Promethazine HCL and Codeine, commonly known as "lean," and marihuana, chargeable under Title 21, United States Code, Sections 812, 841(a)(1) (distribution and possession with intent to distribute) and 846 (conspiracy), and Title 18, United States Code, Section 2 (aiding, abetting, and willfully causing);

      d.     multiple acts indictable under Title 18, United States Code, Sections 1343 (relating to wire fraud) and Title 18, United States Code, Section 2 (aiding, abetting, and willfully causing);

      e.     multiple acts indictable under Title 18, United States Code, Section 1344 (relating to financial institution fraud), and Title 18, United States Code, Section 2 (aiding, abetting, and willfully causing); and

      f.     multiple acts indictable under Title 18, United States Code, Sections 1951 (relating to interference with commerce, robbery, or extortion) and 2 (aiding, abetting, and willfully causing).

7.     It was a part of the conspiracy that KASHAD SAMPSON, a/k/a "Shoca," GEORGE DELGADO, a/k/a "Groc," GABRIEL ROMAN, a/k/a "Gabe," DALLAS ARCHER, a/k/a "Muggas," BRUCE ALLEN, a/k/a "Bam," SYNCERE TATUM, a/k/a "Syn," JOHN LALANNE, a/k/a "JJ," RAEKWON JACKSON, a/k/a Tree," BASHIR MALLORY, a/k/a "BG," a/k/a "Bear," MEKHI McDONALD, a/k/a "Khi," CHRISTOPHER TATE, a/k/a "Bag," KRISTOPHER BURGESS CUNNINGHAM, a/k/a "KG," DEJON SCOTT, a/k/a "Red Dot," DAVON WADDELL, a/k/a "Spotem," a/k/a "Light Skin Day Day," ZYRELL WILLIAMS, a/k/a "Zabb," DEMETRIUS WARE, a/k/a "Doom Doom," ANTONIO PITTMAN, a/k/a "Ant," DAQUAN CUETO, CHRISTOPHER JOHNSON, a/k/a "Brisko," HARRY PIMENTEL, ERIC STEADMAN, a/k/a "Little Man," DONALD LEID, a/k/a "Big Lip Day Day," TEVIN GEORGE, a/k/a "Tev Roc," DEVIN WILLIAMS, a/k/a "Twin," a/k/a "Dev," and DANTE JOHNSON, a/k/a "D Rose," the defendants, each agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the YG Enterprise.

8.     From on or about July 11, 2022, to in or about December 2022, MEKHI McDONALD, a/k/a "Khi," the defendant, was on release pursuant to an order the United States District Court for the Southern District of New York, which notified McDONALD of the potential effect of committing a criminal offense while on pretrial release.

## NOTICE OF SPECIAL SENTENCING FACTORS

9.     From at least in or about 2019 through the present in the Southern District of New York and elsewhere, KASHAD SAMPSON, a/k/a "Shoca," GEORGE DELGADO, a/k/a "Groc," GABRIEL ROMAN, a/k/a "Gabe," DALLAS ARCHER, a/k/a "Muggas," BRUCE ALLEN, a/k/a "Bam," SYNCERE TATUM, a/k/a "Syn," JOHN LALANNE, a/k/a "JJ," RAEKWON JACKSON, a/k/a Tree," BASHIR MALLORY, a/k/a "BG," a/k/a "Bear," MEKHI McDONALD,

a/k/a "Khi," CHRISTOPHER TATE, a/k/a "Bag," KRISTOPHER BURGESS CUNNINGHAM,

a/k/a "KG," DEJON SCOTT, a/k/a "Red Dot," DAVON WADDELL, a/k/a "Spotem," a/k/a

"Light Skin Day Day," ZYRELL WILLIAMS, a/k/a "Zabb," DEMETRIUS WARE, a/k/a "Doom

Doom," ANTONIO PITTMAN, a/k/a "Ant," DAQUAN CUETO, CHRISTOPHER JOHNSON,

a/k/a "Brisko," DONALD LEID, a/k/a "Big Lip Day Day," TEVIN GEORGE, a/k/a "Tev Roc,"

DEVIN WILLIAMS, a/k/a "Twin," a/k/a "Dev," and DANTE JOHNSON, a/k/a "D Rose," the

defendants, and others known and unknown, intentionally and knowingly combined, conspired,

confederated, and agreed together and with each other to violate the narcotics laws of the United

States.

       10.    It was a part and an object of the conspiracy that KASHAD SAMPSON, a/k/a

"Shoca," GEORGE DELGADO, a/k/a "Groc," GABRIEL ROMAN, a/k/a "Gabe," DALLAS

ARCHER, a/k/a "Muggas," BRUCE ALLEN, a/k/a "Bam," SYNCERE TATUM, a/k/a "Syn,"

JOHN LALANNE, a/k/a "JJ," RAEKWON JACKSON, a/k/a Tree," BASHIR MALLORY, a/k/a

"BG," a/k/a "Bear," MEKHI McDONALD, a/k/a "Khi," CHRISTOPHER TATE, a/k/a "Bag,"

KRISTOPHER BURGESS CUNNINGHAM, a/k/a "KG," DEJON SCOTT, a/k/a "Red Dot,"

DAVON WADDELL, a/k/a "Spotem," a/k/a "Light Skin Day Day," ZYRELL WILLIAMS, a/k/a

"Zabb," DEMETRIUS WARE, a/k/a "Doom Doom," ANTONIO PITTMAN, a/k/a "Ant,"

DAQUAN CUETO, CHRISTOPHER JOHNSON, a/k/a "Brisko," DONALD LEID, a/k/a "Big

Lip Day Day," TEVIN GEORGE, a/k/a "Tev Roc," DEVIN WILLIAMS, a/k/a "Twin," a/k/a

"Dev," and DANTE JOHNSON, a/k/a "D Rose," the defendants, and others known and unknown,

would and did distribute and possess with (i) 400 grams and more of mixtures and substances

containing a detectable amount of fentanyl; (ii) 280 grams and more of mixtures and substances

containing a detectable amount of cocaine base, in a form commonly known as "crack cocaine";

and (iii) one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A).

(Title 18, United States Code, Sections 1962(d).)

**COUNT TWO**
**(Assault with a Dangerous Weapon and Attempted Murder in Aid of Racketeering)**
**(ANTONIO PITTMAN)**

The Grand Jury further charges:

11.    At all times relevant to this Indictment, the YG Enterprise, as described in paragraphs One through Five of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which was engaged in, and the activities of which affected, interstate and foreign commerce. The YG Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the YG Enterprise.

12.    At all times relevant to this Indictment, the YG Enterprise, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely, acts involving murder, in violation of New York Penal Law; acts involving robbery, in violation of New York Penal Law; offenses involving the distribution of controlled substances, including fentanyl, crack cocaine, heroin, Oxycodone, Promethazine HCL and Codeine, commonly known as "lean," and marihuana, chargeable under Title 21, United States Code, Sections 812, 841, and 846 and Title 18, United States Code, Section 2 ; and acts indictable under Title 18, United States Code, Sections 1951 (relating to interference

10

with commerce, robbery, or extortion); 1343 (relating to wire fraud); 1344 (relating to financial institution fraud), and 2 (aiding, abetting, and willfully causing).

13.     On or about April 28, 2020, in the Southern District of New York and elsewhere, ANTONIO PITTMAN, a/k/a "Ant," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the YG Enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in the YG Enterprise, an enterprise engaged in racketeering activity, as described above, knowingly assaulted individuals with a dangerous weapon, and knowingly attempted to murder individuals, and aided and abetted the same, to wit, in the vicinity of the Family Partnership Center in the City of Poughkeepsie, New York, PITTMAN shot at rival gang members, in violation of New York Penal Law, Sections 125.25, 120.14, 110.00, and 20.00.

(Title 18, United States Code, Sections 1959(a)(3) and (a)(5), and 2.)

## COUNT THREE
### (Discharge of a Firearm in Connection with a Crime of Violence)
### (ANTONIO PITTMAN)

The Grand Jury further charges:

14.     On or about April 28, 2020, in the Southern District of New York and elsewhere, ANTONIO PITTMAN, a/k/a "Ant," the defendant, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the attempted murder and assault with a dangerous weapon in aid of racketeering, as charged in Count Two of this Indictment, knowingly did use and carry a firearm, and in furtherance of such crime did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii) and 2.)

**COUNT FOUR**
**(Assault with a Dangerous Weapon and Attempted Murder in Aid of Racketeering)**
**(ANTONIO PITTMAN, STEADMAN, PIMENTEL)**

The Grand Jury further charges:

15.     At all times relevant to this Indictment, the YG Enterprise, as described in paragraphs One through Five of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which was engaged in, and the activities of which affected, interstate and foreign commerce. The YG Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the YG Enterprise.

16.     At all times relevant to this Indictment, the YG Enterprise, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely, acts involving murder, in violation of New York Penal Law; acts involving robbery, in violation of New York Penal Law; offenses involving the distribution of controlled substances, including fentanyl, crack cocaine, heroin, Oxycodone, Promethazine HCL and Codeine, commonly known as "lean," and marihuana, chargeable under Title 21, United States Code, Sections 812, 841, and 846 and Title 18, United States Code, Section 2; and acts indictable under Title 18, United States Code, Sections 1951 (relating to interference with commerce, robbery, or extortion); 1343 (relating to wire fraud); 1344 (relating to financial institution fraud), and 2 (aiding, abetting, and willfully causing).

17.     On or about May 16, 2020, in the Southern District of New York and elsewhere, ANTONIO PITTMAN, a/k/a "Ant," ERIC STEADMAN, a/k/a "Little Man," and HARRY

PIMENTEL, the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the YG Enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in the YG Enterprise, an enterprise engaged in racketeering activity, as described above, knowingly assaulted individuals with a dangerous weapon, and knowingly attempted to murder individuals, and aided and abetted the same, to wit, in the vicinity of the City of Yonkers, New York, PITTMAN, STEADMAN, and PIMENTEL shot at individuals associated with and members of a rival gang, in violation of New York Penal Law, Sections 125.25, 120.14, 110.00, and 20.00.

(Title 18, United States Code, Sections 1959(a)(3) and (a)(5), and 2.)

### COUNT FIVE
### (Discharge of a Firearm in Connection with a Crime of Violence)
### (ANTONIO PITTMAN, STEADMAN, PIMENTEL)

The Grand Jury further charges:

18.     On or about May 16, 2020, in the Southern District of New York and elsewhere, ANTONIO PITTMAN, a/k/a "Ant," ERIC STEADMAN, a/k/a/ "Little Man," and HARRY PIMENTEL, the defendants, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the attempted murder and assault with a dangerous weapon in aid of racketeering, as charged in Count Four of this Indictment, knowingly did use and carry a firearm, and in furtherance of such crime did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii) and 2.)

## COUNT SIX
**(Assault with a Dangerous Weapon and Attempted Murder in Aid of Racketeering)**
**(STEADMAN, PIMENTEL)**

The Grand Jury further charges:

19.     At all times relevant to this Indictment, the YG Enterprise, as described in paragraphs One through Five of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which was engaged in, and the activities of which affected, interstate and foreign commerce. The YG Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the YG Enterprise.

20.     At all times relevant to this Indictment, the YG Enterprise, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely, acts involving murder, in violation of New York Penal Law; acts involving robbery, in violation of New York Penal Law; offenses involving the distribution of controlled substances, including fentanyl, crack cocaine, heroin, Oxycodone, Promethazine HCL and Codeine, commonly known as "lean," and marihuana, chargeable under Title 21, United States Code, Sections 812, 841, and 846 and Title 18, United States Code, Section 2; and acts indictable under Title 18, United States Code, Sections 1951 (relating to interference with commerce, robbery, or extortion); 1343 (relating to wire fraud); 1344 (relating to financial institution fraud), and 2 (aiding, abetting, and willfully causing).

21.     On or about September 9, 2020, in the Southern District of New York and elsewhere, ERIC STEADMAN, a/k/a/ "Little Man," and HARRY PIMENTEL, the defendants,

and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the YG Enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in the YG Enterprise, an enterprise engaged in racketeering activity, as described above, knowingly assaulted individuals with a dangerous weapon, and knowingly attempted to murder individuals, and aided and abetted the same, to wit, in the vicinity of the City of Poughkeepsie, New York, STEADMAN and PIMENTEL shot at rival gang members, in violation of New York Penal Law, Sections 125.25, 120.14, 110.00, and 20.00.

(Title 18, United States Code, Sections 1959(a)(3) and (a)(5), and 2.)

### COUNT SEVEN
### (Discharge of a Firearm in Connection with a Crime of Violence)
### (STEADMAN, PIMENTEL)

The Grand Jury further charges:

22.     On or about September 9, 2020, in the Southern District of New York and elsewhere, ERIC STEADMAN, a/k/a/ "Little Man," and HARRY PIMENTEL, the defendants, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the attempted murder and assault with a dangerous weapon in aid of racketeering, as charged in Count Six of this Indictment, knowingly did use and carry a firearm, and in furtherance of such crime did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii) and 2.)

**COUNT EIGHT**
**(Assault with a Dangerous Weapon and Attempted Murder in Aid of Racketeering)**
**(SAMPSON, ARCHER, LALANNE, JACKSON)**

The Grand Jury further charges:

23.    At all times relevant to this Indictment, the YG Enterprise , as described in paragraphs One through Five of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which was engaged in, and the activities of which affected, interstate and foreign commerce. The YG Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the YG Enterprise.

24.    At all times relevant to this Indictment, the YG Enterprise, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely, acts involving murder, in violation of New York Penal Law; acts involving robbery, in violation of New York Penal Law; offenses involving the distribution of controlled substances, including fentanyl, crack cocaine, heroin, Oxycodone, Promethazine HCL and Codeine, commonly known as "lean," and marihuana, chargeable under Title 21, United States Code, Sections 812, 841, and 846 and Title 18, United States Code, Section 2; and acts indictable under Title 18, United States Code, Sections 1951 (relating to interference with commerce, robbery, or extortion); 1343 (relating to wire fraud); 1344 (relating to financial institution fraud), and 2 (aiding, abetting, and willfully causing).

25.    On or about August 15, 2020, in the Southern District of New York and elsewhere, KASHAD SAMPSON, a/k/a "Shoca," DALLAS ARCHER, a/k/a "Muggas," JOHN LALANNE,

a/k/a "JJ," and RAEKWON JACKSON, a/k/a "Tree," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the YG Enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in the YG Enterprise, an enterprise engaged in racketeering activity, as described above, knowingly assaulted individuals with a dangerous weapon, and knowingly attempted to murder individuals, and aided and abetted the same, to wit, SAMPSON, ARCHER, LALANNE, JACKSON and others known and unknown shot at rival gang members in the City of Poughkeepsie, New York, in violation of New York Penal Law, Sections 125.25, 120.14, 110.00, and 20.00.

(Title 18, United States Code, Sections 1959(a)(3) and (a)(5), and 2.)

### COUNT NINE
### (Discharge of a Firearm in Connection with a Crime of Violence)
### (SAMPSON, ARCHER, LALANNE, JACKSON)

The Grand Jury further charges:

26.     On or about August 15, 2020, in the Southern District of New York and elsewhere, KASHAD SAMPSON, a/k/a "Shoca," DALLAS ARCHER, a/k/a "Muggas," JOHN LALANNE, a/k/a "JJ," and RAEKWON JACKSON, a/k/a "Tree," the defendants, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the attempted murder and assault with a dangerous weapon in aid of racketeering, as charged in Count Eight of this Indictment, knowingly did use and carry a firearm, and in furtherance of such crime did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii) and 2.)

## COUNT TEN
### (Assault with a Dangerous Weapon in Aid of Racketeering)
### (TATUM, ROMAN, TATE)

The Grand Jury further charges:

27.    At all times relevant to this Indictment, the YG Enterprise, as described in paragraphs One through Five of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which was engaged in, and the activities of which affected, interstate and foreign commerce. The YG Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the YG Enterprise.

28.    At all times relevant to this Indictment, the YG Enterprise, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely, acts involving murder, in violation of New York Penal Law; acts involving robbery, in violation of New York Penal Law; offenses involving the distribution of controlled substances, including fentanyl, crack cocaine, heroin, Oxycodone, Promethazine HCL and Codeine, commonly known as "lean," and marihuana, chargeable under Title 21, United States Code, Sections 812, 841, and 846 and Title 18, United States Code, Section 2; and acts indictable under Title 18, United States Code, Sections 1951 (relating to interference with commerce, robbery, or extortion); 1343 (relating to wire fraud); 1344 (relating to financial institution fraud), and 2 (aiding, abetting, and willfully causing).

29.    On or about April 27, 2021, in the Southern District of New York and elsewhere, SYNCERE TATUM, a/k/a "Syn," GABRIEL ROMAN, a/k/a "Gabe," and CHRISTOPHER

TATE, a/k/a "Bag," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the YG Enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in the YG Enterprise, an enterprise engaged in racketeering activity, as described above, knowingly assaulted an individual with a dangerous weapon, and aided and abetted the same, to wit, TATUM, ROMAN, TATE, and others known and unknown attempted to rob and shot at a rival drug dealer in the City of Newburgh, New York, in violation of New York Penal Law, Sections 120.14 and 20.00.

(Title 18, United States Code, Sections 1959(a)(3) and 2.)

### COUNT ELEVEN
**(Discharge of a Firearm in Connection with a Crime of Violence)**
**(TATUM, ROMAN, TATE)**

The Grand Jury further charges:

30.     On or about April 27, 2021, in the Southern District of New York and elsewhere, SYNCERE TATUM, a/k/a "Syn," GABRIEL ROMAN, a/k/a "Gabe," and CHRISTOPHER TATE, a/k/a "Bag," the defendants, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the attempted murder and assault with a dangerous weapon in aid of racketeering, as charged in Count Ten of this Indictment, knowingly did use and carry a firearm, and in furtherance of such crime did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii) and 2.)

**COUNT TWELVE**
**(Assault with a Dangerous Weapon in Aid of Racketeering)**
**(SAMPSON, DELGADO, ALLEN)**

The Grand Jury further charges:

31.    At all times relevant to this Indictment, the YG Enterprise, as described in paragraphs One through Five of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which was engaged in, and the activities of which affected, interstate and foreign commerce. The YG Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the YG Enterprise.

32.    At all times relevant to this Indictment, the YG Enterprise, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely, acts involving murder, in violation of New York Penal Law; acts involving robbery, in violation of New York Penal Law; offenses involving the distribution of controlled substances, including fentanyl, crack cocaine, heroin, Oxycodone, Promethazine HCL and Codeine, commonly known as "lean," and marihuana, chargeable under Title 21, United States Code, Sections 812, 841, and 846 and Title 18, United States Code, Section 2; and acts indictable under Title 18, United States Code, Sections 1951 (relating to interference with commerce, robbery, or extortion); 1343 (relating to wire fraud); 1344 (relating to financial institution fraud), and 2 (aiding, abetting, and willfully causing).

33.    On or about November 17, 2021, in the Southern District of New York and elsewhere, KASHAD SAMPSON, a/k/a "Shoca," GEORGE DELGADO, a/k/a "Groc," and

BRUCE ALLEN, a/k/a "Bam," the defendants, and others known and unknown, as consideration

for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary

value from the YG Enterprise, and for the purpose of gaining entrance to and maintaining and

increasing position in the YG Enterprise, an enterprise engaged in racketeering activity, as

described above, knowingly assaulted individuals with a dangerous weapon, and aided and abetted

the same, to wit, SAMPSON, DELGADO, ALLEN, and others known and unknown shot four

rival gang members in the City of Newburgh, New York, in violation of New York Penal Law,

Sections 120.05 and 20.00.

(Title 18, United States Code, Sections 1959(a)(3) and 2.)

## COUNT THIRTEEN
**(Assault with a Dangerous Weapon and Attempted Murder in Aid of Racketeering)**
**(MALLORY, ROMAN)**

The Grand Jury further charges:

34.     At all times relevant to this Indictment, the YG Enterprise, as described in

paragraphs One through Five of this Indictment, which are repeated and incorporated by reference

as though fully set forth herein, including its leadership, members, and associates, constituted an

enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an

association in fact of individuals which was engaged in, and the activities of which affected,

interstate and foreign commerce. The YG Enterprise constituted an ongoing organization whose

members functioned as a continuing unit for a common purpose of achieving the objectives of the

YG Enterprise.

35.     At all times relevant to this Indictment, the YG Enterprise, through its members

and associates, engaged in racketeering activity, as that term is defined in Title 18, United States

Code, Sections 1961(1) and 1959(b)(1), namely, acts involving murder, in violation of New York

Penal Law; acts involving robbery, in violation of New York Penal Law; offenses involving the distribution of controlled substances, including fentanyl, crack cocaine, heroin, Oxycodone, Promethazine HCL and Codeine, commonly known as "lean," and marihuana, chargeable under Title 21, United States Code, Sections 812, 841, and 846 and Title 18, United States Code, Section 2; and acts indictable under Title 18, United States Code, Sections 1951 (relating to interference with commerce, robbery, or extortion); 1343 (relating to wire fraud); 1344 (relating to financial institution fraud), and 2 (aiding, abetting, and willfully causing)..

36.     On or about November 28, 2021, in the Southern District of New York and elsewhere, BASHIR MALLORY, a/k/a "BG," a/k/a "Bear," and GABRIEL ROMAN, a/k/a "Gabe," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the YG Enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in the YG Enterprise, an enterprise engaged in racketeering activity, as described above, knowingly assaulted individuals with a dangerous weapon, and knowingly attempted to murder individuals, and aided and abetted the same, to wit, MALLORY, ROMAN, and others known and unknown shot at rival gang members in the vicinity of Roe Street in the City of Newburgh, New York, in violation of New York Penal Law, Sections 125.25, 120.14, 110.00, and 20.00.

(Title 18, United States Code, Sections 1959(a)(3) and (a)(5), and 2.)

### COUNT FOURTEEN
### (Discharge of a Firearm in Connection with a Crime of Violence)
### (MALLORY, ROMAN)

The Grand Jury further charges:

37.     On or about November 28, 2021, in the Southern District of New York and elsewhere, BASHIR MALLORY, a/k/a "BG," a/k/a "Bear," and GABRIEL ROMAN, a/k/a

"Gabe," the defendants, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the attempted murder and assault with a dangerous weapon in aid of racketeering, as charged in Count Thirteen of this Indictment, knowingly did use and carry a firearm, and in furtherance of such crime did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii) and 2.)

## COUNT FIFTEEN
### (Assault with a Dangerous Weapon and Attempted Murder in Aid of Racketeering)
### (MALLORY, McDONALD)

The Grand Jury further charges:

38.     At all times relevant to this Indictment, the YG Enterprise, as described in paragraphs One through Five of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which was engaged in, and the activities of which affected, interstate and foreign commerce. The YG Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the YG Enterprise.

39.     At all times relevant to this Indictment, the YG Enterprise, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely, acts involving murder, in violation of New York Penal Law; acts involving robbery, in violation of New York Penal Law; offenses involving the distribution of controlled substances, including fentanyl, crack cocaine, heroin, Oxycodone,

Promethazine HCL and Codeine, commonly known as "lean," and marihuana, chargeable under Title 21, United States Code, Sections 812, 841, and 846 and Title 18, United States Code, Section 2 ; and acts indictable under Title 18, United States Code, Sections 1951 (relating to interference with commerce, robbery, or extortion); 1343 (relating to wire fraud); 1344 (relating to financial institution fraud), and 2 (aiding, abetting, and willfully causing).

40.     On or about January 7, 2022, in the Southern District of New York and elsewhere, BASHIR MALLORY, a/k/a "BG," a/k/a "Bear," and MEKHI McDONALD, a/k/a "Khi," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the YG Enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in the YG Enterprise, an enterprise engaged in racketeering activity, as described above, knowingly assaulted individuals with a dangerous weapon, and knowingly attempted to murder individuals, and aided and abetted the same, to wit, MALLORY, McDONALD, and others known and unknown shot at rival gang members and shot one rival gang member in the vicinity of Overlook Place in the City of Newburgh, New York, in violation of New York Penal Law, Sections 125.25, 120.14, 120.05(2), 110.00, and 20.00.

(Title 18, United States Code, Sections 1959(a)(3) and (a)(5), and 2.)

## COUNT SIXTEEN
### (Discharge of a Firearm in Connection with a Crime of Violence)
### ( MALLORY, McDONALD)

The Grand Jury further charges:

41.     On or about January 7, 2022, in the Southern District of New York and elsewhere, BASHIR MALLORY, a/k/a "BG," a/k/a "Bear," and MEKHI McDONALD, a/k/a "Khi," the defendants, during and in relation to a crime of violence for which they may be prosecuted in a

court of the United States, namely, the attempted murder and assault with a dangerous weapon in aid of racketeering, as charged in Count Fifteen of this Indictment, knowingly did use and carry a firearm, and in furtherance of such crime did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii) and 2.)

### COUNT SEVENTEEN
**(Assault with a Dangerous Weapon and Attempted Murder in Aid of Racketeering)**
**(WADDELL, TATE)**

The Grand Jury further charges:

42.    At all times relevant to this Indictment, the YG Enterprise, as described in paragraphs One through Five of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which was engaged in, and the activities of which affected, interstate and foreign commerce. The YG Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the YG Enterprise.

43.    At all times relevant to this Indictment, the YG Enterprise, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely, acts involving murder, in violation of New York Penal Law; acts involving robbery, in violation of New York Penal Law; offenses involving the distribution of controlled substances, including fentanyl, crack cocaine, heroin, Oxycodone, Promethazine HCL and Codeine, commonly known as "lean," and marihuana, chargeable under Title 21, United States Code, Sections 812, 841, and 846 and Title 18, United States Code, Section

2; and acts indictable under Title 18, United States Code, Sections 1951 (relating to interference with commerce, robbery, or extortion); 1343 (relating to wire fraud); 1344 (relating to financial institution fraud), and 2 (aiding, abetting, and willfully causing).

44.     On or about March 8, 2022, in the Southern District of New York and elsewhere, DAVON WADDELL, a/k/a "Spotem," a/k/a "Light Skin Day Day," and CHRISTOPHER TATE, a/k/a "Bag," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the YG Enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in the YG Enterprise, an enterprise engaged in racketeering activity, as described above, knowingly assaulted an individual with a dangerous weapon, and knowingly attempted to murder an individual, and aided and abetted the same, to wit, WADDELL, TATE, and others known and unknown shot a rival drug dealer in the vicinity of Varick Homes in the City of Newburgh, New York, in violation of New York Penal Law, Sections 125.25, 120.14, 110.00, and 20.00.

(Title 18, United States Code, Sections 1959(a)(3) and (a)(5), and 2.)

### COUNT EIGHTEEN
### (Discharge of a Firearm in Connection with a Crime of Violence)
### (WADDELL, TATE)

The Grand Jury further charges:

45.     On or about March 8, 2022, in the Southern District of New York and elsewhere, DAVON WADDELL, a/k/a "Spotem," a/k/a "Light Skin Day Day," and CHRISTOPHER TATE, a/k/a "Bag," the defendants, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the attempted murder and assault with a dangerous weapon in aid of racketeering, as charged in Count Seventeen of this Indictment, knowingly did use and carry a firearm, and in furtherance of such crime did possess a firearm, and

did aid and abet the use, carrying, and possession of a firearm, which was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii) and 2.)

## COUNT NINETEEN
### (Assault with a Dangerous Weapon and Attempted Murder in Aid of Racketeering)
### (CUETO, TATUM, McDONALD, JACKSON, MALLORY)

The Grand Jury further charges:

46.    At all times relevant to this Indictment, the YG Enterprise, as described in paragraphs One through Five of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which was engaged in, and the activities of which affected, interstate and foreign commerce. The YG Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the YG Enterprise.

47.    At all times relevant to this Indictment, the YG Enterprise, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely, acts involving murder, in violation of New York Penal Law; acts involving robbery, in violation of New York Penal Law; offenses involving the distribution of controlled substances, including fentanyl, crack cocaine, heroin, Oxycodone, Promethazine HCL and Codeine, commonly known as "lean," and marihuana, chargeable under Title 21, United States Code, Sections 812, 841, and 846 and Title 18, United States Code, Section 2; and acts indictable under Title 18, United States Code, Sections 1951 (relating to interference

with commerce, robbery, or extortion); 1343 (relating to wire fraud); 1344 (relating to financial institution fraud), and 2 (aiding, abetting, and willfully causing).

48.     On or about June 11, 2022, in the Southern District of New York and elsewhere, DAQUAN CUETO, SYNCERE TATUM, a/k/a "Syn," and MEKHI McDONALD, a/k/a "Khi," RAEKWON JACKSON, a/k/a "Tree," and BASHIR MALLORY, a/k/a "BG," a/k/a "Bear," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the YG Enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in the YG Enterprise, an enterprise engaged in racketeering activity, as described above, knowingly assaulted an individual with a dangerous weapon, and knowingly attempted to murder an individual, and aided and abetted the same, to wit, CUETO, TATUM, McDONALD, JACKSON, MALLORY, and others known and unknown assaulted and stabbed a rival gang member in the vicinity of the waterfront in the City of Newburgh, New York, in violation of New York Penal Law, Sections 125.25, 120.14, 120.05(2), 110.00, and 20.00.

(Title 18, United States Code, Sections 1959(a)(3) and (a)(5), and 2.)

### COUNT TWENTY
**(Assault with a Dangerous Weapon and Attempted Murder in Aid of Racketeering)**
**(CHRISTOPHER JOHNSON, LEID)**

The Grand Jury further charges:

49.     At all times relevant to this Indictment, the YG Enterprise, as described in paragraphs One through Five of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which was engaged in, and the activities of which affected,

interstate and foreign commerce. The YG Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the YG Enterprise.

50.     At all times relevant to this Indictment, the YG Enterprise, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely, acts involving murder, in violation of New York Penal Law; acts involving robbery, in violation of New York Penal Law; offenses involving the distribution of controlled substances, including fentanyl, crack cocaine, heroin, Oxycodone, Promethazine HCL and Codeine, commonly known as "lean," and marihuana, chargeable under Title 21, United States Code, Sections 812, 841, and 846 and Title 18, United States Code, Section 2; and acts indictable under Title 18, United States Code, Sections 1951 (relating to interference with commerce, robbery, or extortion); 1343 (relating to wire fraud); 1344 (relating to financial institution fraud), and 2 (aiding, abetting, and willfully causing).

51.     On or July 20, 2022, in the Southern District of New York and elsewhere, CHRISTOPHER JOHNSON, a/k/a "Brisko," DONALD LEID, a/k/a "Big Lip Day Day," defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the YG Enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in the YG Enterprise, an enterprise engaged in racketeering activity, as described above, knowingly assaulted individuals with a dangerous weapon, and knowingly attempted to murder individuals, and aided and abetted the same, to wit, CHRISTOPHER JOHNSON, LEID, and others known and unknown shot at rival gang members in the vicinity of William Street in the City of Newburgh, New York, in violation of New York Penal Law, Sections 125.25, 120.14, 110.00, and 20.00.

(Title 18, United States Code, Sections 1959(a)(3) and (a)(5), and 2.)

### COUNT TWENTY-ONE
### (Discharge of a Firearm in Connection with a Crime of Violence and Drug Trafficking)
### (CHRISTOPHER JOHNSON, LEID)

The Grand Jury further charges:

52.     On or July 20, 2022, in the Southern District of New York and elsewhere, CHRISTOPHER JOHNSON, a/k/a "Brisko," DONALD LEID, a/k/a "Big Lip Day Day," defendants, during and in relation to a crime of violence and drug trafficking for which they may be prosecuted in a court of the United States, namely, (i) the attempted murder and assault with a dangerous weapon in aid of racketeering, as charged in Count Twenty of this Indictment, and (ii) the drug trafficking conspiracy charged in Count Thirty-One of this Indictment, knowingly did use and carry a firearm, and in furtherance of such crime did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii) and 2.)

### COUNT TWENTY-TWO
### (Assault with a Dangerous Weapon and Attempted Murder in Aid of Racketeering)
### (WADDELL, TATUM)

The Grand Jury further charges:

53.     At all times relevant to this Indictment, the YG Enterprise, as described in paragraphs One through Five of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which was engaged in, and the activities of which affected, interstate and foreign commerce. The YG Enterprise constituted an ongoing organization whose

members functioned as a continuing unit for a common purpose of achieving the objectives of the YG Enterprise.

54.     At all times relevant to this Indictment, the YG Enterprise, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely, acts involving murder, in violation of New York Penal Law; acts involving robbery, in violation of New York Penal Law; offenses involving the distribution of controlled substances, including fentanyl, crack cocaine, heroin, Oxycodone, Promethazine HCL and Codeine, commonly known as "lean," and marihuana, chargeable under Title 21, United States Code, Sections 812, 841, and 846 and Title 18, United States Code, Section 2; and acts indictable under Title 18, United States Code, Sections 1951 (relating to interference with commerce, robbery, or extortion); 1343 (relating to wire fraud); 1344 (relating to financial institution fraud), and 2 (aiding, abetting, and willfully causing).

55.     On or September 27, 2022, in the Southern District of New York and elsewhere, DAVON WADDELL, a/k/a "Spotem," a/k/a "Light Skin Day Day," SYNCERE TATUM, a/k/a "Syn," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the YG Enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in the YG Enterprise, an enterprise engaged in racketeering activity, as described above, knowingly assaulted individuals with a dangerous weapon, and knowingly attempted to murder individuals, and aided and abetted the same, to wit, WADDELL, TATUM, and others known and unknown shot at suspected rival gang members in the vicinity of Benkard Avenue in the City of Newburgh, New York, in violation of New York Penal Law, Sections 125.25, 120.14, 110.00, and 20.00.

(Title 18, United States Code, Sections 1959(a)(3) and (a)(5), and 2.)

## COUNT TWENTY-THREE
### (Discharge of a Firearm in Connection with a Crime of Violence and Drug Trafficking)
### (WADDELL, TATUM)

The Grand Jury further charges:

56.    On or September 27, 2022, in the Southern District of New York and elsewhere, DAVON WADDELL, a/k/a "Spotem," a/k/a "Light Skin Day Day," SYNCERE TATUM, a/k/a "Syn," the defendants, during and in relation to a crime of violence and drug trafficking for which they may be prosecuted in a court of the United States, namely, (i) the attempted murder and assault with a dangerous weapon in aid of racketeering, as charged in Count Twenty-Two of this Indictment, and (ii) the drug trafficking conspiracy charged in Count Thirty-One of this Indictment, knowingly did use and carry a firearm, and in furtherance of such crime did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii) and 2.)

## COUNT TWENTY-FOUR
### (Assault with a Dangerous Weapon and Attempted Murder in Aid of Racketeering)
### (TEVIN GEORGE)

The Grand Jury further charges:

57.    At all times relevant to this Indictment, the YG Enterprise, as described in paragraphs One through Five of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which was engaged in, and the activities of which affected, interstate and foreign commerce. The YG Enterprise constituted an ongoing organization whose

members functioned as a continuing unit for a common purpose of achieving the objectives of the YG Enterprise.

58.     At all times relevant to this Indictment, the YG Enterprise, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely, acts involving murder, in violation of New York Penal Law; acts involving robbery, in violation of New York Penal Law; offenses involving the distribution of controlled substances, including fentanyl, crack cocaine, heroin, Oxycodone, Promethazine HCL and Codeine, commonly known as "lean," and marihuana, chargeable under Title 21, United States Code, Sections 812, 841, and 846 and Title 18, United States Code, Section 2; and acts indictable under Title 18, United States Code, Sections 1951 (relating to interference with commerce, robbery, or extortion); 1343 (relating to wire fraud); 1344 (relating to financial institution fraud), and 2 (aiding, abetting, and willfully causing).

59.     On or September 6, 2019, in the Southern District of New York and elsewhere, TEVIN GEORGE, a/k/a Tev Roc," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the YG Enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in the YG Enterprise, an enterprise engaged in racketeering activity, as described above, knowingly assaulted individual with a dangerous weapon, and knowingly attempted to murder individual, and aided and abetted the same, to wit, GEORGE, and others known and unknown shot a rival gang member in the vicinity of Chamber Street in the City of Newburgh, New York, in violation of New York Penal Law, Sections 125.25, 120.14, 120.05(2), 110.00, and 20.00.

(Title 18, United States Code, Sections 1959(a)(3) and (a)(5), and 2.)

## COUNT TWENTY-FIVE
### (Discharge of a Firearm in Connection with a Crime of Violence)
### (TEVIN GEORGE)

The Grand Jury further charges:

60.     On or September 6, 2019, in the Southern District of New York and elsewhere, TEVIN GEORGE, a/k/a Tev Roc," the defendant, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the attempted murder and assault with a dangerous weapon in aid of racketeering, as charged in Count Twenty-Four of this Indictment, knowingly did use and carry a firearm, and in furtherance of such crime did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii) and 2.)

## COUNT TWENTY-SIX
### (Hobbs Act Robbery)
### (LALANNE)

The Grand Jury further charges:

61.     On or about November 10, 2020, in the Southern District of New York and elsewhere, JOHN LALANNE a/k/a "JJ," the defendant, knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and aided and abetted the same, to wit, LALANNE and others known and unknown robbed a drug dealer in the area of the Lake Street Apartment Complex in the City of Newburgh, New York.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT TWENTY-SEVEN
### (Discharge of a Firearm in Connection with a Crime of Violence)
### (LALANNE)

The Grand Jury further charges:

62.     On or about November 10, 2020, in the Southern District of New York and elsewhere, JOHN LALANNE, a/k/a "JJ," the defendant, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the Hobbs Act robbery charged in Count Twenty-Six of this Indictment, knowingly did use and carry a firearm, and in furtherance of such crime did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii) and 2.)

## COUNT TWENTY-EIGHT
### (Hobbs Act Robbery)
### (WADDELL, ALLEN)

The Grand Jury further charges:

63.     On or about January 20, 2022, in the Southern District of New York and elsewhere, DAVON WADDELL, a/k/a "Spotem," a/k/a "Light Skin Day Day," and BRUCE ALLEN, a/k/a "Bam," the defendants, knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and aided and abetted the same, to wit, WADDELL, ALLEN, and others known and unknown robbed a drug dealer in the area of the drug dealer's residence and the area of the Lake Street Apartment Complex in the City of Newburgh, New York.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT TWENTY-NINE
### (Discharge of a Firearm in Connection with a Crime of Violence)
### (WADDELL, ALLEN)

The Grand Jury further charges:

64.     On or about January 20, 2022, in the Southern District of New York and elsewhere, DAVON WADDELL, a/k/a "Spotem," a/k/a "Light Skin Day Day," and BRUCE ALLEN, a/k/a "Bam," the defendants, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the Hobbs Act robbery charged in Count Twenty-Eight of this Indictment, knowingly did use and carry a firearm, and in furtherance of such crime did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii) and 2.)

## COUNT THIRTY
### (Hobbs Act Robbery)
### (WADDELL, CHRISTOPHER JOHNSON, RAEKWON JACKSON, LEID, DANTE JOHNSON)

The Grand Jury further charges:

65.     On or about July 20, 2022, in the Southern District of New York and elsewhere, DAVON WADDELL, a/k/a "Spotem," a/k/a "Light Skin Day Day," CHRISTOPHER JOHNSON, a/k/a "Brisko," RAEKWON JACKSON, a/k/a "Tree," DONALD LEID, a/k/a "Big Lip Day Day," and DANTE JOHNSON, a/k/a "D Rose," the defendants, knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and aided and abetted the same, to wit, WADDELL, CHRISTOPHER JOHNSON, RAEKWON JACKSON, LEID, DANTE

JOHNSON, and others known and unknown robbed a drug dealer in vicinity of William Street and

Benkard Avenue in the City of Newburgh, New York.

(Title 18, United States Code, Sections 1951 and 2.)

### COUNT THIRTY-ONE
### (Narcotics Trafficking)
### (ALL DEFENDANTS EXCEPT PIMENTEL)

The Grand Jury further charges:

66.     From at least in or about 2019 to the present, in the Southern District of New York

and elsewhere, KASHAD SAMPSON, a/k/a "Shoca," GEORGE DELGADO, a/k/a "Groc,"

GABRIEL ROMAN, a/k/a "Gabe," DALLAS ARCHER, a/k/a "Muggas," BRUCE ALLEN, a/k/a

"Bam," SYNCERE TATUM, a/k/a "Syn," JOHN LALANNE, a/k/a "JJ," RAEKWON

JACKSON, a/k/a Tree," BASHIR MALLORY, a/k/a "BG," a/k/a "Bear," MEKHI McDONALD,

a/k/a "Khi," CHRISTOPHER TATE, a/k/a "Bag," KRISTOPHER BURGESS CUNNINGHAM,

a/k/a "KG," DEJON SCOTT, a/k/a "Red Dot," DAVON WADDELL, a/k/a "Spotem," a/k/a

"Light Skin Day Day," ZYRELL WILLIAMS, a/k/a "Zabb," DEMETRIUS WARE, a/k/a "Doom

Doom," ANTONIO PITTMAN, a/k/a "Ant," DAQUAN CUETO, CHRISTOPHER JOHNSON,

a/k/a "Brisko," ERIC STEADMAN, a/k/a "Little Man," DONALD LEID, a/k/a "Big Lip Day

Day," TEVIN GEORGE, a/k/a "Tev Roc," DEVIN WILLIAMS, a/k/a "Twin," a/k/a "Dev,"

DANTE JOHNSON, a/k/a "D Rose," GEORGE TATUM, a/k/a "Buddy," COLERIDGE

LEWTER, a/k/a "Korrupt," and RODNEY GEORGE, a/k/a "Taco," the defendants, and others

known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree

together and with each other to violate the narcotics laws of the United States.

67.     It was a part and an object of the conspiracy that KASHAD SAMPSON, a/k/a

"Shoca," GEORGE DELGADO, a/k/a "Groc," GABRIEL ROMAN, a/k/a "Gabe," DALLAS

ARCHER, a/k/a "Muggas," BRUCE ALLEN, a/k/a "Bam," SYNCERE TATUM, a/k/a "Syn,"
JOHN LALANNE, a/k/a "JJ," RAEKWON JACKSON, a/k/a Tree," BASHIR MALLORY, a/k/a
"BG," a/k/a "Bear," MEKHI McDONALD, a/k/a "Khi," CHRISTOPHER TATE, a/k/a "Bag,"
KRISTOPHER BURGESS CUNNINGHAM, a/k/a "KG," DEJON SCOTT, a/k/a "Red Dot,"
DAVON WADDELL, a/k/a "Spotem," a/k/a "Light Skin Day Day," ZYRELL WILLIAMS, a/k/a
"Zabb," DEMETRIUS WARE, a/k/a "Doom Doom," ANTONIO PITTMAN, a/k/a "Ant,"
DAQUAN CUETO, CHRISTOPHER JOHNSON, a/k/a "Brisko," ERIC STEADMAN, a/k/a
"Little Man," DONALD LEID, a/k/a "Big Lip Day Day," TEVIN GEORGE, a/k/a "Tev Roc,"
DEVIN WILLIAMS, a/k/a "Twin," a/k/a "Dev," DANTE JOHNSON, a/k/a "D Rose," GEORGE
TATUM, a/k/a "Buddy," COLERIDGE LEWTER, a/k/a "Korrupt," and RODNEY GEORGE,
a/k/a "Taco," the defendants, and others known and unknown, would and did distribute and possess
with intent to distribute controlled substances, in violation of Title 21, United States Code, Section
841(a)(1).

68.     The controlled substances that KASHAD SAMPSON, a/k/a "Shoca," GEORGE
DELGADO, a/k/a "Groc," GABRIEL ROMAN, a/k/a "Gabe," DALLAS ARCHER, a/k/a
"Muggas," BRUCE ALLEN, a/k/a "Bam," SYNCERE TATUM, a/k/a "Syn," JOHN LALANNE,
a/k/a "JJ," RAEKWON JACKSON, a/k/a Tree," BASHIR MALLORY, a/k/a "BG," a/k/a "Bear,"
MEKHI McDONALD, a/k/a "Khi," CHRISTOPHER TATE, a/k/a "Bag," KRISTOPHER
BURGESS CUNNINGHAM, a/k/a "KG," DEJON SCOTT, a/k/a "Red Dot," DAVON
WADDELL, a/k/a "Spotem," a/k/a "Light Skin Day Day," ZYRELL WILLIAMS, a/k/a "Zabb,"
DEMETRIUS WARE, a/k/a "Doom Doom," ANTONIO PITTMAN, a/k/a "Ant," DAQUAN
CUETO, CHRISTOPHER JOHNSON, a/k/a "Brisko," ERIC STEADMAN, a/k/a "Little Man,"
DONALD LEID, a/k/a "Big Lip Day Day," TEVIN GEORGE, a/k/a "Tev Roc," DEVIN

WILLIAMS, a/k/a "Twin," a/k/a "Dev," DANTE JOHNSON, a/k/a "D Rose," GEORGE

TATUM, a/k/a "Buddy," COLERIDGE LEWTER, a/k/a "Korrupt," and RODNEY GEORGE,

a/k/a "Taco," the defendants, conspired to distribute and possess with intent to distribute were: (i)

400 grams and more of mixtures and substances containing a detectable amount of fentanyl; (ii)

280 grams and more of mixtures and substances containing a detectable amount of cocaine base,

in a form commonly known as "crack cocaine"; (iii) one kilogram and more of mixtures and

substances containing a detectable amount of heroin; (iv) mixtures and substances containing a

detectable amount of Oxycodone; (v) less than 50 kilogram of mixtures and substances containing

a detectable amount of marihuana; and (vi) mixtures and substances containing a detectable

amount of Promethazine HCL and Codeine, commonly known as "lean," in violation of Title 21,

United States Code, Section 841(b)(1)(A).

69.     From on or about July 11, 2022, to in or about December 2022, MEKHI

McDONALD, a/k/a "Khi," the defendant, was on release pursuant to an order the United States

District Court for the Southern District of New York, which notified McDONALD of the potential

effect of committing a criminal offense while on pretrial release.

(Title 21, United States Code, Sections 846 and 3147.)

**COUNT THIRTY-TWO**
**(Possession of a Firearm in Connection with a Drug Trafficking Crime)**
**(ALL DEFENDANTS EXCEPT PIMENTEL)**

The Grand Jury further charges:

70.     From at least in or about 2019 to the present, except for on or about July 20, 2022,

and on or about September 27, 2022, in the Southern District of New York and elsewhere,

KASHAD SAMPSON, a/k/a "Shoca," GEORGE DELGADO, a/k/a "Groc," GABRIEL ROMAN,

a/k/a "Gabe," DALLAS ARCHER, a/k/a "Muggas," BRUCE ALLEN, a/k/a "Bam," SYNCERE

TATUM, a/k/a "Syn," JOHN LALANNE, a/k/a "JJ," RAEKWON JACKSON, a/k/a Tree,"

BASHIR MALLORY, a/k/a "BG," a/k/a "Bear," MEKHI McDONALD, a/k/a "Khi,"

CHRISTOPHER TATE, a/k/a "Bag," KRISTOPHER BURGESS CUNNINGHAM, a/k/a "KG,"

DEJON SCOTT, a/k/a "Red Dot," DAVON WADDELL, a/k/a "Spotem," a/k/a "Light Skin Day

Day," ZYRELL WILLIAMS, a/k/a "Zabb," DEMETRIUS WARE, a/k/a "Doom Doom,"

ANTONIO PITTMAN, a/k/a "Ant," DAQUAN CUETO, CHRISTOPHER JOHNSON, a/k/a

"Brisko," ERIC STEADMAN, a/k/a "Little Man," DONALD LEID, a/k/a "Big Lip Day Day,"

TEVIN GEORGE, a/k/a "Tev Roc," DEVIN WILLIAMS, a/k/a "Twin," a/k/a "Dev," DANTE

JOHNSON, a/k/a "D Rose," GEORGE TATUM, a/k/a "Buddy," COLERIDGE LEWTER, a/k/a

"Korrupt," and RODNEY GEORGE, a/k/a "Taco," the defendants, during and in relation to a

crime of violence for which they may be prosecuted in a court of the United States, namely, the

drug trafficking conspiracy charged in Count Thirty-One of this Indictment, knowingly did use

and carry a firearm, and in furtherance of such crime did possess a firearm, and did aid and abet

the use, carrying, and possession of a firearm, which was brandished and discharged.

71.     From on or about July 11, 2022, to in or about December 2022, MEKHI

McDONALD, a/k/a "Khi," the defendant, was on release pursuant to an order the United States

District Court for the Southern District of New York, which notified McDONALD of the potential

effect of committing a criminal offense while on pretrial release.

72.     On or about March 25, 2004, in the United States District Court for the Southern

District of New York, COLERIDGE LEWTER, a/k/a "Korrupt," the defendant, was convicted

after a trial of, among other things, possessing a firearm in connection with a drug trafficking

crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i), which judgment was

amended on or about November 30, 2006, December 12, 2006, and August 7, 2012, and became

final on or about August 21, 2012. Accordingly, LEWTER is subject to the enhanced penalty of Title 18, United States Code, Section 924(c)(1)(C)(i).

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(C)(i), 2, and 3147.)

### COUNT THIRTY-THREE
### (Wire Fraud Conspiracy)
### (SAMPSON, DELGADO, ROMAN, ALLEN, TATUM, LALANNE, MALLORY, McDONALD, TATE)

The Grand Jury further charges:

73.     From at least in or about March 2020 through at least in or about December 2022, in the Southern District of New York and elsewhere, KASHAD SAMPSON, a/k/a "Shoca," GEORGE DELGADO, a/k/a "Groc," GABRIEL ROMAN, a/k/a "Gabe," BRUCE ALLEN, a/k/a "Bam," SYNCERE TATUM, a/k/a "Syn," JOHN LALANNE, a/k/a "JJ," BASHIR MALLORY, a/k/a "BG," a/k/a "Bear," MEKHI McDONALD, a/k/a "Khi," and CHRISTOPHER TATE, a/k/a "Bag," the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

74.     It was a part and an object of the conspiracy that KASHAD SAMPSON, a/k/a "Shoca," GEORGE DELGADO, a/k/a "Groc," GABRIEL ROMAN, a/k/a "Gabe," BRUCE ALLEN, a/k/a "Bam," SYNCERE TATUM, a/k/a "Syn," JOHN LALANNE, a/k/a "JJ," BASHIR MALLORY, a/k/a "BG," a/k/a "Bear," MEKHI McDONALD, a/k/a "Khi," and CHRISTOPHER TATE, a/k/a "Bag," the defendants, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate

and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing

such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit,

SAMPSON, DELGADO, ROMAN, ALLEN, TATUM, LALANNE, MALLORY, McDONALD,

TATE, and others known and unknown, agreed to make and caused to be made false statements

to obtain unemployment benefits from New York State, and sent and received, and caused others

to send and receive, emails, other electronic communications, and wires, to and from the Southern

District of New York and elsewhere, in furtherance of that scheme.

(Title 18, United States Code, Section 1349.)

**COUNT THIRTY-FOUR**
**(Aggravated Identity Theft)**
**(ROMAN, MALLORY)**

The Grand Jury further charges:

75.     From at least in or about March 2020 through at least in or about December 2022

in the Southern District of New York and elsewhere, GABRIEL ROMAN, a/k/a "Gabe," and

BASHIR MALLORY, a/k/a "BG," a/k/a "Bear," the defendants, knowingly transferred,

possessed, and used, without lawful authority, a means of identification of another person, during

and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c),

to wit, ROMAN and MALLORY used and transferred the names and personal identifying

information of other persons during and in relation to the conspiracy to commit wire violation as

charged in Count Thirty-Three of this Indictment.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2.)

42

## FORFEITURE ALLEGATIONS

76.     As a result of committing the offense alleged in Count One of this Indictment,

KASHAD SAMPSON, a/k/a "Shoca," GEORGE DELGADO, a/k/a "Groc," GABRIEL ROMAN,

a/k/a "Gabe," DALLAS ARCHER, a/k/a "Muggas," BRUCE ALLEN, a/k/a "Bam," SYNCERE

TATUM, a/k/a "Syn," JOHN LALANNE, a/k/a "JJ," RAEKWON JACKSON, a/k/a Tree,"

BASHIR MALLORY, a/k/a "BG," a/k/a "Bear," MEKHI McDONALD, a/k/a "Khi,"

CHRISTOPHER TATE, a/k/a "Bag," KRISTOPHER BURGESS CUNNINGHAM, a/k/a "KG,"

DEJON SCOTT, a/k/a "Red Dot," DAVON WADDELL, a/k/a "Spotem," a/k/a "Light Skin Day

Day," ZYRELL WILLIAMS, a/k/a "Zabb," DEMETRIUS WARE, a/k/a "Doom Doom,"

ANTONIO PITTMAN, a/k/a "Ant," DAQUAN CUETO, CHRISTOPHER JOHNSON, a/k/a

"Brisko," HARRY PIMENTEL, ERIC STEADMAN, a/k/a "Little Man," DONALD LEID, a/k/a

"Big Lip Day Day," TEVIN GEORGE, a/k/a "Tev Roc," DEVIN WILLIAMS, a/k/a "Twin," a/k/a

"Dev," DANTE JOHNSON, a/k/a "D Rose," the defendants, shall forfeit to the United States,

pursuant to Title 18, United States Code, Section 1963, any and all interests the defendants

acquired or maintained in violation of Title 18, United States Code, Section 1962; any and all

interests in, securities of, claims against, and property or contractual rights of any kind affording

a source of influence over, the enterprise named and described herein which the defendants

established, operated, controlled, conducted, and participated in the conduct of, in violation of

Title 18, United States Code, Section 1962; and any and all property constituting and derived from

proceeds obtained, directly and indirectly, from the racketeering activity alleged in Count One of

this Indictment, including but not limited to a sum of money in United States currency representing

the amount of proceeds traceable to the commission of said offenses that the defendants personally

obtained.

77.     As a result of committing the offense alleged in Counts Twenty-Six, Twenty-Eight, and Thirty of this Indictment, BRUCE ALLEN, a/k/a "Bam," RAEKWON JACKSON, a/k/a "Tree," JOHN LALANNE, a/k/a "JJ," DAVON WADDELL, a/k/a "Spotem," a/k/a "Light Skin Day Day," CHRISTOPHER JOHNSON, a/k/a "Brisko," DONALD LEID, a/k/a "Big Lip Day Day," and DANTE JOHNSON, a/k/a "D Rose," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

78.     As a result of committing the offense charged in Count Thirty-One of this Indictment, KASHAD SAMPSON, a/k/a "Shoca," GEORGE DELGADO, a/k/a "Groc," GABRIEL ROMAN, a/k/a "Gabe," DALLAS ARCHER, a/k/a "Muggas," BRUCE ALLEN, a/k/a "Bam," SYNCERE TATUM, a/k/a "Syn," JOHN LALANNE, a/k/a "JJ," RAEKWON JACKSON, a/k/a Tree," BASHIR MALLORY, a/k/a "BG," a/k/a "Bear," MEKHI McDONALD, a/k/a "Khi," CHRISTOPHER TATE, a/k/a "Bag," KRISTOPHER BURGESS CUNNINGHAM, a/k/a "KG," DEJON SCOTT, a/k/a "Red Dot," DAVON WADDELL, a/k/a "Spotem," a/k/a "Light Skin Day Day," ZYRELL WILLIAMS, a/k/a "Zabb," DEMETRIUS WARE, a/k/a "Doom Doom," ANTONIO PITTMAN, a/k/a "Ant," DAQUAN CUETO, CHRISTOPHER JOHNSON, a/k/a "Brisko," ERIC STEADMAN, a/k/a "Little Man," DONALD LEID, a/k/a "Big Lip Day Day," TEVIN GEORGE, a/k/a "Tev Roc," DEVIN WILLIAMS, a/k/a "Twin," a/k/a "Dev," DANTE JOHNSON, a/k/a "D Rose," GEORGE TATUM, a/k/a "Buddy," COLERIDGE LEWTER, a/k/a "Korrupt," and RODNEY GEORGE, a/k/a "Taco," the defendants, shall forfeit

to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense that the defendant personally obtained.

79.     As a result of committing the offense alleged in Count Thirty-Three of this Indictment, KASHAD SAMPSON, a/k/a "Shoca," GEORGE DELGADO, a/k/a "Groc," GABRIEL ROMAN, a/k/a "Gabe," BRUCE ALLEN, a/k/a "Bam," SYNCERE TATUM, a/k/a "Syn," JOHN LALANNE, a/k/a "JJ," BASHIR MALLORY, a/k/a "BG," a/k/a "Bear," MEKHI McDONALD, a/k/a "Khi," and CHRISTOPHER TATE, a/k/a "Bag," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

## Substitute Assets Provision

80.    If any of the property described above as subject to forfeiture, as a result of any act or omission of the above-named defendants:

        a.    cannot be located upon the exercise of due diligence;

        b.    has been transferred or sold to, or deposited with, a third person;

        c.    has been placed beyond the jurisdiction of the Court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property which cannot be subdivided

without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), Title 21 United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c) to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 1963;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON

DAMIAN WILLIAMS
United States Attorney